Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| LCDO. ANTONIO J. SANTOS PRATS<br><br>Peticionario<br><br><br>v.<br><br><br>PROVIDENT HEALT CORP.; DORADO HEALTH, INC.; MAYAGÜEZ MEDICAL CENTER; DR. RAMÓN EMETERIO BETANCES, INC.; BAYAMÓN MEDICAL CENTER, CORP.; PUERTO RICO WOMEN & CHILDREN'S HOSPITAL LLC, BAYAMÓN IMAGING & INTERVENTIONAL INSTITUTE, LLC; BHC HOLDINGS, LLC, BMHC LLC; QUIRÓS INVESTMENT HOLDINGS, LLC<br>Recurridos | KLCE202400887 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm. BY2023CV06054<br><br>Sobre: Derecho Laboral; Incumplimiento de Contrato Laboral; Ley 2 Procedimiento Sumario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece el Lcdo. Antonio J. Santos Prats (peticionario) mediante recurso de *certiorari*, solicitándonos que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 23 de julio de 2024. Mediante este dictamen interlocutorio, el foro recurrido le ordenó al peticionario a contestar 72 interrogatorios y requerimientos de producción de documentos, determinando que no constituían materia privilegiada.

El peticionario acude ante nosotros aduciendo que incidió el foro recurrido al así decidir, pues, afirma, *los interrogatorios y requerimientos*

NÚMERO IDENTIFICADOR

RES2024_____

*de producción de documentos solicitan materia privilegiada que no es descubrible.*

Junto con el recurso de *certiorari* fue presentada una *Moción en Solicitud de Orden en Auxilio de Jurisdicción*, solicitando la paralización de los procedimientos en el TPI, hasta tanto culminara la intervención de este foro intermedio.

Evaluados los asuntos presentados, determinamos denegar el recurso de *certiorari.*

**I. Resumen del tracto procesal**

Limitándonos a exponer solo los asuntos procesales pertinentes, el 25 de octubre de 2023, el peticionario presentó una *Querella* por incumplimiento de contrato de empleo contra Provident Health Corp; Dorado Health, Inc.; Mayagüez Medical Center-Dr. Ramón Emeterio Betances, Inc.; Bayamón Medical Center, Corp.; Puerto Rico Women & Children's Hospital, LLC; Bayamón Imaging & Interventional Institute, LLC; BHC Holdings, LCC; BMHC, LLC; Quirós Investment Holdings, LLC y José L. Quirós Jorge (los recurridos). La referida querella fue presentada bajo el procedimiento sumario dispuesto en la Ley de Procedimiento Sumario de Procedimientos Laborables, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA secs. 3118-3132. En esencia, fue alegado que, el 1 de septiembre de 2023, el peticionario fue despedido sin justa causa de su posición como Vicepresidente Ejecutivo y Principal Oficial Legal de Provident Health Corp. A tenor, sostuvo que le correspondía el remedio contractual contemplado en el *Contrato de Empleo* suscrito el 15 de mayo de 2023, en caso de ser despedido sin justa causa.

En respuesta, los recurridos presentaron sendas contestaciones a la *Querella*. En síntesis, afirmaron que el *Contrato de Empleo* era nulo. En la alternativa, alegaron que procedía la anulación del contrato, debido a que el peticionario incurrió en lesión por ventaja patrimonial

desproporcionada, y por el contrato no contar con el elemento de consentimiento, ni causa lícita. Además, afirmaron que del contrato ser válido y exigible, medió justa causa para su terminación, pues el peticionario incurrió en deshonestidad, deslealtad, violó sus deberes de fiducia e incurrió en patentes conflictos de intereses al adelantar sus intereses personales y/o los de la firma de abogados Pietrantoni Méndez & Álvarez LLC (PMA).

Posteriormente, los recurridos presentaron *Moción* para que se convirtiera el procedimiento de sumario a ordinario. El peticionario instó *Moción* oponiéndose a tal conversión.

El 27 de noviembre de 2023, el TPI emitió *Resolución* acogiendo la solicitud para convertir el procedimiento a uno ordinario.

Luego de varios trámites procesales, el 15 de febrero de 2024, los recurridos presentaron *Moción Informativa sobre Envío de Descubrimiento de Prueba.* Allí, informaron que le habían remitido al peticionario un primer pliego de interrogatorios, requerimiento de producción de documentos y de admisiones.

Pasados dos meses, el 15 de abril de 2024, los recurridos presentaron ante el TPI una *Moción Informativa* indicando que el peticionario había *contestado*, pero de forma inadecuada o no responsivas. A tenor, aseveraron haberle enviado al peticionario el detalle de las objeciones a las contestaciones presentadas.

A raíz de ello, el 21 de mayo de 2024, el foro primario emitió *Orden Descubrimiento de Prueba*, disponiendo lo siguiente:

> Se ordena a las partes a ceñirse estrictamente al siguiente mecanismo procesal:
>
> Cualesquiera controversias relativas al descubrimiento de prueba deben ser objeto de una reunión entre abogados con el propósito principal de solucionarlas. Será la responsabilidad de la parte que inició el procedimiento de descubrimiento de prueba el coordinar dicha reunión entre los abogados para solucionar las mismas.

> Solo después de agotado este mecanismo, se podrá solicitar la intervención del Tribunal mediante **moción conjunta donde se discuta cada posición**. Los abogados y las partes se ceñirán estrictamente a lo provisto por las Reglas 23, 23.2, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 40 y 60.4 de las de Procedimiento Civil.

Ese mismo día, las partes se reunieron para discutir las objeciones presentadas por los recurridos.[1]

El 31 de mayo de 2024, el peticionario remitió a los recurridos *Contestación a Objeciones de Contestación a Interrogatorio.*[2]

Así las cosas, el 16 de julio de 2024, los recurridos y el peticionario presentaron *Moción Conjunta (SUMAC 117) para Atender Solicitud de las co Demandadas para que se Oriente a la Parte Demandante a Contestar Adecuadamente el Interrogatorio que le Fuera Cursado.* Al plasmar la *Posición de las Co-demandadas* en este documento, los recurridos esgrimieron entre otros argumentos, que el peticionario había sustituido las primeras contestaciones objetadas por otras que tampoco eran responsivas. Añadieron que el peticionario se había limitado a contestar que los interrogatorios eran prematuros porque su representación legal no había determinado los testigos, ni la evidencia que sostuviera las alegaciones de la demanda, y porque se estaba llevando a cabo descubrimiento de prueba. A tenor, solicitaron que el TPI le ordenara al peticionario a responder adecuadamente los interrogatorios objetados.

Continuando con la *Moción Conjunta*, pero bajo la sección denominada *Posición del Demandante*, el peticionario sostuvo que, en la reunión celebrada el 21 de mayo de 2024, las partes acordaron que, de no poder contestar alguna de las preguntas por ser prematuras, así debería constar en la contestación. Afirmó también este que la información solicitada era prematura, por el caso estar en sus etapas iniciales. Aseveró que la selección de documentos para probar

---

[1] Véase la entrada número 119 del expediente digital del caso que obra en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Apéndice X del recurso de *certiorari*, pág. 530.

alegaciones específicas era privilegiada, debido a que los documentos producidos revelaban el proceso mental y las estrategias del abogado, constituyendo producto del trabajo. Por tanto, solicitó que el TPI declarara sin lugar las objeciones presentadas por los recurridos.

Es así como, el 23 de julio de 2024, el TPI emitió la *Orden* cuya revocación se nos solicita, en la que determinó que el peticionario debía contestar 72 de los 73 interrogatorios y producción de documentos objetados, al no considerarlos materia privilegiada.

Inconforme, el peticionario recurrió ante nosotros mediante recurso de *certiorari*, señalando la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL ORDENAR AL PETICIONARIO A CONTESTAR LOS INTERROGATORIOS Y PRODUCIR LOS DOCUMENTOS SOLICITADOS CUANDO DICHA INFORMACIÓN Y DOCUMENTOS ESTÁN PROTEGIDOS POR EL PRIVILEGIO DEL PRODUCTO DEL TRABAJO, CONOCIDA COMO "WORK PRODUCT".

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DETERMINAR SIN FUNDAMENTO ALGUNO QUE LA INFORMACIÓN Y DOCUMENTOS SOLICITADOS NO SON MATERIA PRIVILEGIADA.

El 13 de agosto de 2024, emitimos *Resolución* concediéndole cinco días a los recurridos para presentar su posición en cuanto a la solicitud de paralización de los procesos con la cual el peticionario acompañó su recurso de *certiorari*.

En efecto, los recurridos presentaron *Moción en Cumplimiento de Orden y Oposición a Solicitud de Orden en Auxilio de Jurisdicción.*

A su vez, el peticionario instó *Oposición a "Moción en Cumplimiento de Orden" y "Réplica a Oposición a Solicitud de Orden en Auxilio de Jurisdicción".*

Contando con el beneficio de las comparecencias de las partes, estamos en posición de resolver.

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Mun. Caguas v. JRO Construction, Inc.,* supra, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Mun. Caguas v. JRO Construction, Inc.,* supra, págs. 711-712; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y, por vía de excepción, sobre: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos

de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*. De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento,[3] 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró, supra.*

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).

### B. Descubrimiento de prueba

El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos". *McNeil Healthcare, LLC v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021), citando a I. Rivera García,

---

[3] A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Diccionario de términos jurídicos, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70. Dicho mecanismo persigue cuatro (4) objetivos fundamentales para el cabal desenvolvimiento del proceso judicial, a saber: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. *Rivera* et al. *v. Arcos Dorados et al.,* 212 DPR 194, 203 (2023); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009). De esta forma, se coloca al juzgador de los hechos "en la mejor posición posible para resolver justamente". *E.L.A. v. Casta*, 162 DPR 1, 9 (2004). En nuestro ordenamiento jurídico, el descubrimiento de prueba está regulado por la Regla 23 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 23. Con relación al alcance del descubrimiento de prueba, este cuerpo normativo dispone lo siguiente:

a. *En general.* **Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente**, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

b. *Documentos, objetos y otra prueba obtenida en preparación para el juicio.* Sujeto a las disposiciones del inciso (c) de esta regla, una parte podrá hacer el descubrimiento de documentos y objetos que, antes del pleito o para el juicio, hayan sido preparados por o para otra parte, o por o para el o la representante de dicha parte, incluyendo a su abogado, abogada, consultor, consultora, fiador, fiadora, asegurador, aseguradora o agente. **Estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de la abogada o de cualquier otro u otra representante de una parte.** Una parte podrá requerir de la otra una lista de las personas testigos que la parte solicitada intenta utilizar en el juicio, así como un resumen breve de lo que se propone declarar cada una. Igualmente, cualquier parte podrá requerir a cualquier otra que produzca copia

de todas las declaraciones de testigos en poder de dicha parte. Asimismo, tanto las partes como las personas testigos pueden obtener copia de cualquier declaración prestada por ellas anteriormente. Para los propósitos de esta regla, una declaración prestada con anterioridad al juicio incluye cualquier declaración escrita, firmada o aprobada por la persona que la prestó, o cualquier tipo de grabación de una declaración o la transcripción de ésta. (Énfasis nuestro).

Del citado precepto legal se desprende el principio de que el descubrimiento de prueba debe ser amplio y liberal. *Rivera* et al. *v. Arcos Dorados et al.*, supra; *McNeil Healthcare, LLC v. Mun. Las Piedras II,* supra, pág. 672. *Scotiabank v. ZAF Corp. et al.*, supra, pág. 490; *Berríos Falcón v. Torres Merced*, supra; *E.L.A. v. Casta*, supra, pág. 13; *García Negrón v. Tribunal Superior*, 104 DPR 727, 738 (1976). "El propósito de esta norma liberal de descubrimiento de prueba es que aflore la verdad de lo ocurrido, evitando así los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio". Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 841.

Ahora bien, lo anterior no significa que el descubrimiento de prueba sea irrestricto o ilimitado. De la regla transcrita se desprenden dos (2) limitaciones al descubrimiento de prueba: (1) información privilegiada, y (2) pertinencia. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 491 (2019). Así, una parte no puede pretender descubrir evidencia **privilegiada o impertinente** bajo el pretexto de la liberalidad del descubrimiento. Además, tomando en consideración que nuestras Reglas de Procedimiento Civil disponen la solución justa, rápida y económica de las disputas, toda persona que utilice algún método de descubrimiento de prueba deberá hacerlo de forma diligente. *PV Properties v. El Jibarito et al.*, 199 DPR 603, 609-610 (2018). Por tanto, la

amplitud y libertad durante el descubrimiento de prueba no es absoluta. *Íd.* pág. 609.

Nuestro Tribunal Supremo ha interpretado que la limitación sobre "materia privilegiada" se refiere a aquella información que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia, 31 LPRA Ap. VI. *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017).[4] Por consiguiente, no procede objeción alguna al descubrimiento de prueba en ausencia de un privilegio reconocido por dichas reglas probatorias. *Íd.* Por su parte, el mismo alto foro ha expresado que **la pertinencia debe interpretarse de manera amplia**. *McNeil Healthcare, LLC v. Mun. Las Piedras II,* supra, pág. 674; *E.L.A. v. Casta*, supra, pág. 12. (Énfasis nuestro). A esos efectos, ha sostenido que la prueba pertinente es la que produzca o pueda producir:

> [...] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T.III, pág. 839. *McNeil Healthcare, LLC v. Mun. Las Piedras II,* supra.

El criterio para medir la pertinencia es más amplio que el utilizado para resolver problemas de admisibilidad de la prueba bajo las Reglas de Evidencia, supra; *Medina v. M.S. & D. Química P.R. Inc.*, 135 DPR 716, 731 (1994); *Rodríguez v. Scotiabank de P.R.*, 113 DPR 210, 212 (1982). Para que una materia pueda ser objeto de descubrimiento basta con que exista una posibilidad razonable de relación con el asunto en

---

[4] La Regla 505 de las Reglas de Evidencia de Puerto Rico, establece como privilegio el producto del trabajo. En específico establece que el privilegio para el producto del trabajo: "significa la protección provista a información que es el producto del trabajo de una parte o de la persona que es abogada, consultora, fiadora, aseguradora o agente de dicha parte, preparada u obtenida en anticipación de, o como parte de una investigación o procedimiento civil, administrativo o penal. 32 LPRA AP. VI, R. 505(a)(2).

controversia. *S.L.G. Valencia v. García García*, 187 DPR 283, 330 (2012). Ello implica que, "[c]ualquier duda en cuanto a la pertinencia, debe resolverse a favor de ésta. Existe una presunción favorable al descubrimiento de prueba". Cuevas Segarra, *op. cit.,* pág. 840. En consonancia, cuando se solicita el descubrimiento de alguna pieza de evidencia que no tenga posibilidad razonable de relación con el asunto en controversia, el tribunal debe rechazar la petición. De ahí que este sea el criterio rector e indicativo para otorgar deferencia a una determinación discrecional. Esto pues "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

### C. La Discreción Judicial

La discreción es el más poderoso instrumento reservado a los jueces para hacer justicia. *Rodríguez Ramos v. Pérez Santiago*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). Nuestro Tribunal Supremo ha manifestado que *los foros apelativos no interferiremos con las facultades discrecionales de los foros primarios, exceptuando las circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023). Además, *se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. Íd.*

Abundando sobre lo anterior, el alto Foro ha subrayado que:

> **[L]os tribunales de origen son los que están en mejor posición para determinar cómo se debe manejar un caso que esta ante su consideración**. Las determinaciones que haga en el sano ejercicio de su discreción deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política pública procesal o sustantiva. Esta norma fortalece el principio de que serán los tribunales de origen los que

manejen los casos que les son presentados. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999). (Énfasis y subrayado suplidos).

En concordancia, al Tribunal Supremo reconocerle al foro primario amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración, los tribunales apelativos debemos abstenernos de tratar de administrar o manejar la dirección regular de sus casos. Partiendo de tales premisas, resulta clara la discreción que cobija al TPI al momento de ordenar los asuntos concernientes al proceso de descubrimiento de prueba, para lo cual hemos de mostrar gran deferencia. *Citibank, N.A. v. Cordero Badillo,* 200 DPR 724 (2018)*; Mejías et al. v. Carrasquillo et al.*, 185 DPR 288 (2012); *García v. Asociación,* 165 DPR 311, 320 (2005).

### III. **Aplicación del Derecho a los hechos**

Según detallamos en la *exposición de derecho*, al determinar si debemos expedir el auto de *certiorari* solicitado, primero nos corresponde precisar si el asunto planteado versa sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra.* Hecho tal ejercicio, el dictamen recurrido resulta susceptible de revisión judicial, pues plantea una controversia vinculada a un privilegio evidenciario, según este es concebido en la Regla 503 de Evidencia, 32 LPRA Ap. VI, R. 503. Sin embargo, examinados los elementos que la Regla 40 de nuestro Reglamento, *supra,* nos llama a considerar para dirigir nuestro ejercicio discrecional*,* no encontramos cabida en ninguno de ellos para intervenir con el dictamen interlocutorio recurrido.

El peticionario sostiene que la información y documentos solicitadas por los recurridos son materia privilegiada por constituir *work producto.* Argumenta que los requerimientos de producción de documentos no pretenden descubrir prueba, sino que tienen el propósito velado de que se les revele la estrategia legal de los abogados del

peticionario en su estructuración de la evidencia producida. Asimismo, manifiesta que las preguntas son prematuras por encontrarse el pleito en sus etapas iniciales de descubrimiento de prueba, de manera que pueden ser suplementadas y/o enmendadas más adelante en el proceso, según lo exige la Regla 23.1 de Procedimiento Civil, *supra.*

Por su parte, los recurridos arguyen que el peticionario pretende que se extienda la doctrina de la labor del abogado (*work product*) a la mera identificación de la prueba con la cual el peticionario contempla probar sus alegaciones, sin citar o discutir ley, regla, o jurisprudencia alguna que avale tal pretensión.

Lo cierto es que, tal como lo sugieren los recurridos, no encontramos jurisprudencia o siquiera tratadista local alguno al que podamos hacer referencia para sustentar la teoría legal que el peticionario promueve. Por una parte, el peticionario no precisa cuáles de los requerimientos de producción de documentos contiene el mentado *work product* que merecería nuestra intervención con el dictamen interlocutorio recurrido. Más bien, el peticionario depende de la reiteración sobre su muy laxa teoría de que *los requerimientos de producción de documentos no pretenden descubrir prueba, sino que tienen el intento perverso de buscar que se les revele la estrategia legal de los abogados del peticionario en su estructuración de la evidencia[5]*. Es decir, que si damos una mirada *englobada* a los requerimientos de producción de documentos hecha por los recurridos, allí es que encontraremos el lugar donde ocurre la lesión al privilegio del *work product.* No nos persuade.

Por una parte, tales argumentos del peticionario no nos mueven a intervenir con el ejercicio discrecional del foro *a quo,* pues no apreciamos un ápice de pasión, prejuicio, parcialidad o error manifiesto en la

---

[5] Recurso de *certiorari*, pág. 17.

resolución interlocutoria recurrida. Pero, por otra parte, juzgamos que acoger la teoría legal del peticionario, según aquí esbozada, supondría imponer un obstáculo insalvable al principio de descubrimiento liberal que impera en nuestro ordenamiento procesal civil, y soslaya la obligación de producir la prueba.

En definitiva, no observamos circunstancia alguna que nos incline a intervenir con el rumbo procesal trazado por el foro primario hasta el momento.

**Parte dispositiva**

Por los fundamentos que anteceden, **Denegamos** expedir el recurso de *certiorari* solicitado. En consecuencia, también declaramos **No Ha Lugar** la *Moción en Solicitud de Orden en Auxilio de Jurisdicción.*

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones